UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MATTHEW ROPPOLO and DA-NA ALLEN, on behalf of themselves and others similarly situated, | § § § § | |
| | § | |
| *Plaintiffs,* | § § | Civil Action No. |
| v. | § § | 2:19-cv-262 |
| | § | |
| LANNETTE LINTHICUM, in her official capacity as the medical director of the TEXAS DEPARTMENT OF CRIMINAL JUSTICE, and BEN RAIMER, CYNTHIA JUMPER, RODNEY BURROW, F. PARKER HUDSON III, ERIN WYRICK, JOHN BURRUSS, PRESTON JOHNSON, JR., and KELLY GARCIA, in their official capacities as the members of the CORRECTIONAL MANAGED HEALTH CARE COMMITTEE, and OWEN MURRAY, in his official capacity as the director of the UNIVERSITY OF TEXAS MEDICAL BRANCH CORRECTIONAL MANAGED CARE program, | § § § § § § § § § § § § § § § | |
| *Defendants.* | § § | |

**JOINT REPORT OF THE MEETING AND JOINT DISCOVERY/CASE
MANAGEMENT PLAN UNDER FEDERAL RULE OF CIVIL PROCEDURE 26**

In accordance with the Court's order and FED. R. CIV. P. 26, the parties submit this joint report of their Rule 26(f) conference and all items required by the Court's order.

1. State when the Rule 26 Conference of the parties was held and identify the counsel who attended for each party.

   **November 18, 2019, by telephone.**

   **Plaintiffs' counsel:
   Jeff Edwards and Mike Singley**

   **Defendants' counsel:
   Eric Hudson and Courtney Corbello.**

2. List any cases related to the present action that are pending in any state or federal court, with the style, case number, court, and a brief description of the case.

**Plaintiffs are aware of *pro se* inmate HCV cases in Texas, and also HCV cases in other states, but believe those cases should not be considered "related" due to procedural, party, and factual/evidentiary differences.**

**Defendants contend that, fairly read, Plaintiffs assert that any person with HCV in state prison is a potential class member. Accordingly, the Defendants assert that current on-going HCV litigation relates to potential class issues in this case. *See, e.g.*, *Hood v. Collier, et al.*, Civ. No. 3:18-0295, 2019 WL 3412440 (S.D. Tex July 29, 2019); *David McWherter v. Lorie Davis, et. al.*, No. 6:19-cv-00383 (S.D. Tex filed Aug. 19, 2019).**

3. <u>Briefly</u> describe the pertinent facts and legal theories upon which the present action is based.

**Plaintiffs have brought this class action seeking injunctive relief requiring Defendants to treat patients with chronic HCV infection correctly by providing them with DAA drug therapy. Plaintiffs bring a cause of action under 42 U.S.C. § 1983, alleging that Defendants have violated the Eighth Amendment, as the failure to provide the class with DAA therapy constitutes deliberate indifference to a serious medical need. Correct treatment of Plaintiffs and the class requires them to be treated with DAAs, and Defendants are intentionally withholding that treatment. Plaintiffs also bring causes of action under the Americans with Disabilities Act (42 U.S.C. § 12101) and the Rehabilitation Act (29 U.S.C. § 701) based on the same facts.**

**Defendants dispute Plaintiffs' allegations, as set forth in their Motion to Dismiss.**

4. Specify the allegation of federal jurisdiction. Indicate whether the parties agree or disagree to the allegation. If the parties disagree, indicate the nature of the disagreement.

**Plaintiffs allege that this Court has federal question jurisdiction. Defendants do not dispute that Plaintiffs' claims arise under federal law but, in their Motion to Dismiss, raise a sovereign immunity defense among other grounds for their motion.**

5. List any additional parties who may be included, when they can be added, and which party desires to bring them into the litigation. In diversity jurisdiction cases, this item is intended to trigger the disclosure requirement of TEX. CIV. PRAC. & REM. CODE § 33.004(d) (effective September 1, 2011) and TEX. R. CIV. P. 194.2(b).

**Plaintiffs may add one or more additional Plaintiff class representatives in the near future.  Plaintiffs do not at this time anticipate adding additional Defendants, but reserve the right to do so if Defendants contend that one or more necessary parties have not been joined or if otherwise shown to be appropriate by information obtained in discovery.**

**Defendants do not anticipate joining additional parties at this time.**

6.    List any anticipated interventions.

**N/A**

7.    If this is a class action, describe any issues regarding certification of the class.

**Defendants oppose class certification, and will provide a fulsome briefing of those issues in line with this Court's order and the Federal Rules of Civil Procedure.**

8.    State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**The parties agreed on a deadline of December 9, 2019, for serving initial disclosures.**

9.    Describe the proposed discovery plan the parties have agreed upon, including:

A.    Responses to all the matters raised in Rule 26(f).

I.    What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

**The parties agreed on a deadline of December 9, 2019, for serving initial disclosures.**

II.    The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

**Please see item 10 below regarding the parties' dispute regarding bifurcation of the scope of discovery prior to resolution of the class certification issue.**

III.    Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

**The parties discussed the need for discovery of ESI, and will plan to work on an agreed protocol for discovery of ESI.**

IV.     Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

**The parties agreed, in addition to the standard federal procedures for asserting privileges, to a "claw-back" provision, allowing a party to insist on return of inadvertently produced materials within 14 days of the discovery of the error. The parties anticipate agreeing to a standard protective order including "claw-back" language and submitting that protective order to the Court for signature.**

V.     What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

**Please see item 10 below regarding the parties' dispute regarding bifurcation of the scope of discovery to be taken prior to resolution of the class certification issue.**

VI.     Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

**The parties anticipate moving the Court for entry of an agreed protective order.**

B.     When and to whom Plaintiff(s) anticipate(s) sending interrogatories.

**To Defendants, after receipt of initial disclosures.**

C.     When and to whom Defendant(s) anticipate(s) sending interrogatories.

**Defendants will serve interrogatories on Plaintiffs, after receipt of initial disclosures.**

D.     When and from whom Plaintiff(s) anticipate(s) taking oral depositions.

**Prior to the class certification hearing, Plaintiffs anticipate taking the depositions of Defendants (or alternatively a subset of Defendants) and Defendants' expert witness that will be designated prior to the class certification hearing.**

4

E.     When and from whom Defendant(s) anticipate(s) taking oral depositions.

**Defendants anticipate deposing the plaintiffs and any experts designated by counsel, prior to a hearing on class certification.**

F.     When Plaintiff(s) (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**Plaintiffs have served a report from Dr. Stacey Trooskin, M.D. as an exhibit to their motion for class certification. Defendants indicated they will provide a report from one expert witness in connection with their opposition to the class certification motion.**

**To the extent other expert witnesses are needed, they will be designated after resolution of the class certification issue.**

G.     List expert depositions Plaintiff(s) (or the party or parties with the burden of proof on an issue) anticipate(s) taking and their anticipated completion date.

**Defendants advise that they intend to designate at least one expert witness for purposes of resolution of the class certification motion, and Plaintiffs intend to depose that expert prior to the class certification hearing if necessary.**

**To the extent Defendants designate other experts, they anticipate that such experts will be designated after the class certification issue has been resolved and in all likelihood deposed.**

H.     List expert depositions the opposing party or parties anticipate(s) taking and their anticipated completion date.

**Defendants will likely depose Plaintiff's expert Dr. Stacey Trooskin prior to the class certification hearing.**

**To the extent Plaintiffs designate other experts, they will be designated after resolution of the class certification issue and in all likelihood deposed.**

10.     If the parties do not agree on a part of the discovery plan, describe the
        separate views and proposals of each party.

**DEFENDANTS' CONTENTIONS AND PROPOSAL:**

**Defendants believe discovery should be bifurcated to limit the scope of discovery prior to resolution of the class certification issue. Having a reasonable chance to conduct discovery on class certification issues will limit the scope of initial discovery but allow the Court sufficient information to conduct the rigorous analysis required by the federal rules before ruling on class certification. Because of the complexity of the issues, the volume of discovery likely to be generated if a class is certified, and the relative youth of this case, Defendants propose moving the current class certification briefing deadlines, and having the Court enter an order that postpones certification deadlines, submits the bifurcation issue to a magistrate judge, who would could then address whether and how to distinguish between class and merits discovery in this case and reasonable limits where there is overlap, and adopts the following schedule—**

**Completion of class related fact discovery – March 27, 2020.**

**Deadline for the appointment of experts and delivery of reports – February 14, 2020**

**Deadline for the appointment of rebuttal experts and delivery of reports – March 16, 2020**

**Completion of expert class discovery – May 1, 2020**

**Plaintiffs' deadline to file and serve supplemental memorandum on class certification – June 1, 2020**

**Defendants' opposition briefing -- June 30, 2020**

**Plaintiffs' reply – July 17, 2020**

**Oral argument on class certification – August 2020**

**Deadline to confer and submit a detailed discovery plan and proposed deadlines for the remained of the case – 30 days after decision on class certification**

**PLAINTIFFS' CONTENTIONS AND PROPOSAL:**

**Plaintiffs are opposed to bifurcating discovery and contend it will needlessly increase discovery costs, as the merits of the case and certification are likely to be intertwined.  Plaintiffs request that the issues of bifurcation of discovery and scheduling of the class certification proceedings be taken up at the initial pretrial hearing so that the parties may obtain the Court's guidance, and then promptly after the hearing submit either an agreed scheduling proposal or separate scheduling proposals.**

11.     Specify the discovery, beyond initial disclosures, that has been undertaken to date.

        **None.**

12.     State the date the planned discovery can reasonably be completed.

        **The parties are currently unable to determine a date for completion of discovery, due to the pending issue of class certification.**

13.     Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26 Conference, including the suitability of this case for mediation or other alternative dispute resolution. Include the anticipated date for the provision of a settlement demand by any party seeking affirmative relief.

        **The parties discussed resolution and Plaintiffs intend to send a settlement demand in the near future.**

14.     If all parties consent, a Federal Magistrate Judge may hear both jury and non-jury trials. Indicate whether or not all parties consent to a trial before a Magistrate Judge. (YES/**NO**)

        **No.**

15.     State whether a jury demand has been made, and if so, whether it was made on time.

        **N/A.**

16.     Specify the combined total number of hours it will take both parties to present the evidence in this case.

        **The parties estimate a total trial duration of 8-10 days.**

17.     List pending motions that could be ruled on at the Initial Pretrial Conference.

        **None.**

18.     List other pending motions.

        **1.  Defendants' Motion to Dismiss.**

        **2.  Plaintiff's unopposed Motion for Extension of the deadline to respond to Defendants' Motion to Dismiss.**

19. Indicate other matters peculiar to this case—including discovery—that deserve the special attention of the Court at the Initial Pretrial Conference.

   **Whether discovery should be bifurcated prior to resolution of the motion for class certification, entry of a protective order, and provisions for discovery of electronically stored information.**

20. Certify that all parties have filed Certificates of Interested Parties—as directed in the Order of Conference and Disclosure of Interested Parties—listing the date of filing for the originals and any amendments to the Certificates.

   **The parties will file these certificates on or before December 2, 2019.**

21. List the names, bar numbers, addresses, telephone numbers, facsimile numbers, and electronic mail addresses of all counsel and pro se parties.

   **There are no *pro se* parties. Information for counsel is contained in the signature blocks below.**

*By each of our signatures below, Counsel represent that each understands that the Court will rely on these representations in entering its Scheduling Order*

Respectfully submitted,

EDWARDS LAW GROUP
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
   Tel.   512-623-7727
   Fax.   512-623-7729

By       /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
Jeff@edwards-law.com
Attorney-in-Charge
Scott Medlock
State Bar No. 24044783
Scott@edwards-law.com
Michael Singley
State Bar No. 00794642
Mike@edwards-law.com
David James
State Bar No. 24092572
Federal ID No. 2496580
David@edwards-law.com

**ATTORNEYS FOR PLAINTIFFS**

8

OFFICE OF THE ATTORNEY GENERAL
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
      Tel.     512-463-2080
      Fax.     512-370-9410

/s/ Eric A. Hudson
ERIC A. HUDSON
State Bar No. 24059977
Southern District No. 1000759
Eric.hudson@oag.texas.gov
Rola Daaboul
State Bar No. 24068473
Rola.daaboul@oag.texas.gov
Amy L. Prasad
State Bar No. 24037295
Amy.Prasad@oag.texas.gov
Courtney Corbello
State Bar No. 24097533
courtney.corbello@oag.texas.gov

**ATTORNEYS FOR DEFENDANTS**

<u>CERTIFICATE OF SERVICE</u>

      By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Filing System of the Southern District of Texas.

      By     /s/ Jeff Edwards
      JEFF EDWARDS