UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MATTHEW ROPPOLO, et al., | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. |
| v. | § | 2:19-cv-262 |
| LANNETTE LINTHICUM, et al., | § | |
| Defendants. | § | |

# PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL RESPONSES TO INTERROGATORIES

The Court should compel Defendants to provided complete responses to two interrogatories, as Defendants' response ignores the evidence and misstates the conference leading up to this discovery dispute.

**I.   ARGUMENT AND AUTHORITIES**

   **A.   The interrogatories are relevant to the pending motions.**

Defendants' response ignores the critical relevance of this information to evaluate *Defendants*' own contentions in ongoing disputes before this Court (and to the merits of this dispute regardless of class certification as discussed in the motion[1]).

For example, on the specific issue of cirrhotic inmates, Defendants reported to this Court a breakdown of how many of the 488 cirrhotic patients who had been untreated on February 2020 had refused treatment or been subsequently treated. Defendants continue to refuse to identify these

---

[1] *See* Doc, 94, pp. 7–9. The cases Defendants cite did not arise from § 1983 claims where the individual plaintiffs needed to prove a deliberately indifferent official policy. Plaintiffs need evidence of what Defendants' actually policy does, regardless of class certification.

inmates, much less provide the basis for their counsel's assertion to the Court, despite the pendency of Interrogatory 21 which goes directly to this question. If these facts are not related to class certification, then Defendants should not have asserted them in their argument. As the facts obviously are relevant, Plaintiffs need the ability to actually investigate them—which they cannot do without the names of the patients and the other basic facts requested.

In their motion practice, Defendants also repeatedly assert (contrary to the allegations in the complaint) that the refusal to treat patients with HCV is implemented by unit-level treating physicians—not by the supervisors and policymakers sued in this case. Doc. 48, pp. 15–16; Doc. 69, pp. 3–5. Because Defendants are withholding the information responsive to interrogatory 20, Plaintiffs are barred from evaluating Defendants' contention. While Plaintiffs agree that these facts should not be dispositive of a Rule 12(b)(6) attack, it is Defendants' own argument that the Court should consider outside evidence by folding this merits question into their Rule 12(b)(1) jurisdictional attack. *Id.* Defendants cannot have it both ways: They cannot at once insist that the Court consider their assertions based upon cherry-picked evidence, while at the same time forbidding Plaintiffs from investigating those assertions in discovery.

As Defendants' briefing does not even respond to the confluence of these issues with their own arguments, the Court should overrule their objection to the relevance of this discovery and deny their motion to stay—certainly as to this discovery, which is tailored to investigate Defendants' affirmative assertions of fact in pending motions.

**B.     Defendants' motion to stay is part and parcel of the same dispute for which this Court requested briefing.**

This dispute is ripe for the Court's resolution. Defendants' motion to stay directly attacks the same interrogatories Plaintiffs seek to compel. *See* Doc. 82, pp. 4, 5, 9. Indeed, this discovery was already pending when the motion to stay was first contemplated. However, because

Defendants chose to frame the dispute as a motion to stay, not a motion for protective order, Plaintiffs need responses to these interrogatories separate and apart from the Court's disposition of a motion to stay. Moreover, as Defendants' response makes clear, Defendants insist that they will not provide answers for independent reasons on top of their argument that the case should be stayed. Accordingly, while the two disputes are opposite sides of the same coin, the Court cannot fully resolve the dispute merely by resolving the motion to stay. As the parties exhaustively conferred (as reflected in Defendants' own motion to stay), and the Court directed the parties to brief the motion to stay, Plaintiffs' motion was filed after a good faith effort to resolve the dispute without the Court's involvement.

      **C.**      **There is no undue burden. Defendants' response ignores the fact that they possess documents that compile the request information.**

Defendants baselessly accuse Plaintiffs of misrepresenting straightforward testimony, and rely heavily upon a declaration which ignores the evidence of what Defendants are withholding. Although Defendants' declaration states narrowly that UTMB routinely deletes the easily accessible information in referral forms and electronic reporting, Defendants do not respond to the other evidence that the responsive information already exists in compiled form.

First, the declaration describes what it claims would be a laborious process of identifying which patients had historically been referred to the HCV virology team in paragraphs 1–5. Doc. 98-1, pp. 1–2. But this process was already completed for Defendants' 30(b)(6) deposition. *See* Doc. 94-24, Dr. O. Ojo Deposition, pp. 22:18–23:12. Separately, the same person who signed the affidavit stating this information would be challenging to tabulate already testified about historical wait times, for example, for patients referred to the virology clinic—information that would be impossible to report without an underlying list of those referrals which survived the process of being reviewed by a physician. Doc. 94-23, M. Roberts Deposition, pp. 70:22–72:18.

3

Second, the declaration complains that looking up the patient's historical APRI would be laborious. Doc. 98-1, p. 3. But, again, the evidence shows that UTMB can and has checked historical APRI information. The declarant herself explained that they have monthly "snapshots" of patient lists that the declarant testified about in her own deposition—Defendants just refuses to turn the underlying information over to Plaintiffs. Doc. 94-23, M. Roberts Deposition, pp. 30:2–16, 41:8–22. The declarant specifically testified, "I can marry the APRI and the hepatitis C using these historical snapshots." *Id.* at 54:21–22. This testimony is unambiguous and plainly not contingent upon the chart review Defendants complain of today. In any event, Defendants have already provided information reflecting this capability, as they responded to an interrogatory with the number of patients who reached certain APRI thresholds for each fiscal year 2016 through 2020. Doc. 94-4, O. Murray's Supp. Responses to Interrogatories (Feb. 27, 2020) p. 6.

Third, Defendants incorrectly state that Plaintiffs are requesting information about acute HCV cases. Doc. 98, p. 8. Interrogatory 20 is plainly limited to chronic cases. *See* Doc. 94-5, p. 9.

Finally, Defendants incorrectly assert that "there is no basis in the federal rules for defense counsel to outsource document review to opposing counsel." Doc. 98., p. 7. To the contrary, Rule 33(d) explicitly authorizes a party to refer to a document where the requested information in an interrogatory is equally available to both parties by reviewing that document. Thus, even if Defendants' contention about the burden were true (although their evidence on that point conflicts with their own unambiguous deposition testimony and prior interrogatory answers), they can solve the problem by providing the responsive documents to Plaintiffs and amending their response to refer to those documents.

Thus, Defendants' assertion of burden misses the point, ignores the evidence, and ignores the obvious solution to the supposed quandary presented by these directly relevant interrogatories.

4

## II.  CONCLUSION

Because the Plaintiffs and the putative class have shown the requested information is directly relevant—including to issues raised by Defendants themselves—and not objectionable, particularly as Plaintiffs offer to assume the burden identified by Defendants, the Court should overrule Defendants' objections and order them to respond.

Dated: June 26, 2020.

        Respectfully submitted,

        EDWARDS LAW
        The Haehnel Building
        1101 East 11th Street
        Austin, TX 78702
            Tel.   512-623-7727
            Fax.   512-623-7729

        By  /s/ Jeff Edwards
        JEFF EDWARDS
        State Bar No. 24014406
        Attorney-in-Charge
        Michael Singley
        State Bar No. 00794642
        Scott Medlock
        State Bar No. 24044783
        David James
        State Bar No. 24092572
        Federal ID No. 2496580

        ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

By my signature below, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Filing System of the Southern District of Texas.

        By  /s/ Jeff Edwards
        JEFF EDWARDS