United States District Court
Southern District of Texas
**ENTERED**
March 08, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MATTHEW ROPPOLO, DA-NA ALLEN, JOHNNY COOK, and VICTOR VALDEZ on behalf of themselves and others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>LANNETTE LINTHICUM, in her official capacity as the medical director of the TEXAS DEPARTMENT OF CRIMINAL JUSTICE, and PHILIP KEISER, CYNTHIA JUMPER, RODNEY BURROW, F. PARKER HUDSON III, ERIN WYRICK, JOHN BURRUSS, PRESTON JOHNSON, JR., and DEE BUDGEWATER, in their official capacities as the members of the CORRECTIONAL MANAGED HEALTH CARE COMMITTEE, and OWEN MURRAY, in his official capacity as the director of the UNIVERSITY OF TEXAS MEDICAL BRANCH CORRECTIONAL MANAGED CARE program,<br><br>*Defendants*. | Civil Action No.<br>2:19-cv-262 |

**ORDER GRANTING CLASS CERTIFICATION, APPROVING CLASS NOTICE, AND SETTING DATE FOR FAIRNESS HEARING**

The Court, having considered Plaintiffs' unopposed motion to certify a class, approve the class notice, and set a date for the class action settlement fairness hearing, Defendants' lack of opposition and agreement with the relief requested, all other pleadings on file, and the applicable law, hereby FINDS and ORDERS as follows.

1. This matter satisfies the prerequisites for certification of a class action under Federal Rule of Civil Procedure 23(a) and 23(b)(2). The members of the Class

are so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Class, the claims of the named Plaintiffs are typical of the Class, and the Plaintiffs Roppolo, Allen, Valdez, and Cook will fairly and adequately protect the interests of the Class.

2. Based on the allegations of and evidence adduced by the Plaintiffs, the Court finds that the Class satisfy Federal Rule of Civil Procedure 23(b)(2) in that it appears Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

3. The Class, by agreement of the Parties and pursuant to all the prerequisites of Rule 23(a) and 23(b)(2), is certified as the list attached to the motion for preliminary approval as Exhibit 3, which is intended to include all inmates in TDCJ custody who had been diagnosed with Chronic Hepatitis C as of September 3, 2020 (unless excluded by agreement of the Parties). The Parties represent that a diligent search was conducted by the Parties to ensure that all Chronic Hepatitis C patients as of September 3, 2020 were identified and included (subject to exclusions agreed upon by the Parties, such as inmates who were released from custody between September 3, 2020, and the date of this order).

4. The law firm of Edwards Law Group is appointed as Class Counsel for the Class, and shall act on behalf of the Class Representatives and all members of the Class.

5. Plaintiffs Matthew Roppolo, Da-Na Allen, Johnny Cook, and Victor Valdez are certified as Class Representatives.

6. This certification of the Class, Class Counsel, and the Class Representatives is solely for the purposes of effectuating the Settlement Agreement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing certification of the Class shall be null and void and of no further effect with respect to any party to this action, and the Parties of the settlement shall be returned to the status each occupied before entry of this order without prejudice to any legal argument that any of the Parties to the Settlement Agreement might have asserted but for the Settlement Agreement. Neither the Settlement Agreement nor the Court's orders issued in connection with consideration of the settlement, including this order granting class certification, shall be used or referred to in any litigation for any purpose whatsoever, except as required to enforce those provisions of the Settlement Agreement which survive a failure of the settlement to be consummated.

7. The Court further approves the "Class Action Notice and Opt Out Form," attached as Ex. 2 to the motion for approval of the Settlement Agreement, and finds that the "Class Action Notice and Opt Out Form" is adequate notice to inform Settlement Class Members of their rights under Federal Rule of Civil Procedure 23(c)(2). The Court directs the Parties to provide a copy of the "Class Action Notice and Opt Out Form" to every member of the Class (as listed in Exhibit 3) as agreed. Defendants are further ordered to post the form in each medical clinic and law library at each TDCJ prison unit for inspection upon

request of any inmate for the duration of the agreement, and until the date of the fairness hearing. The Court finds this will constitute appropriate notice to Class members, and provide appropriate and adequate due process.

8. The Court shall hold a fairness hearing on **May 11, 2021 at 9:00 a.m.** to hear any objections to the Settlement Agreement, and consider approving the Settlement Agreement. All objections should be filed no later than **April 26, 2021**, (fifteen days before the fairness hearing). Defendants are directed to allow any Class member who files an objection to the Settlement Agreement to appear by telephone at the fairness hearing.

It is so ORDERED.

Date: March 8, 2021.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE