United States District Court
Southern District of Texas
**ENTERED**
July 02, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MATTHEW ROPPOLO, DA-NA ALLEN, JOHNNY COOK, and VICTOR VALDEZ on behalf of themselves and others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>LANNETTE LINTHICUM, in her official capacity as the medical director of the TEXAS DEPARTMENT OF CRIMINAL JUSTICE, and PHILIP KEISER, CYNTHIA JUMPER, RODNEY BURROW, F. PARKER HUDSON III, ERIN WYRICK, JOHN BURRUSS, PRESTON JOHNSON, JR., and DEE BUDGEWATER, in their official capacities as the members of the CORRECTIONAL MANAGED HEALTH CARE COMMITTEE, and OWEN MURRAY, in his official capacity as the director of the UNIVERSITY OF TEXAS MEDICAL BRANCH CORRECTIONAL MANAGED CARE program,<br><br>*Defendants*. | Civil Action No.<br>2:19-cv-262 |

**FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION
SETTLEMENT AND ATTORNEYS' FEES**

The Court finds that the proposed class action settlement is fair, reasonable, and adequate, and that the attorneys' fees and expenses specified in the settlement are fair and reasonable.

The Motion to Approve Class Action Settlement came for a hearing on May 11, 2021. All parties appeared through counsel, and 76 Class Members objecting to the

settlement appeared pro se via telephone from 32 different Texas state prisons.[1] This case was brought pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act/Rehabilitation Act, and alleged that officials with the Texas state prison system denied inmates with chronic Hepatitis C treatment with direct-acting antiviral drug treatments. The Court, having considered the motion to approve the class action settlement (Doc. 132), the supplement thereto (Doc. 227), all other submissions and arguments of the parties and all objectors, having previously certified the Settlement Class by orders dated March 8, 2021 and March 25, 2021 (Docs. 138 and 154) pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2), and good cause appearing, makes the following findings of fact and conclusions of law, and orders and adjudges as follows:

1. The Settlement Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties and is supported by the vast majority of the members of the Class. The settlement in principle was the product of a mediation conducted by the Hon. Thomas Phillips. Less than two percent of Class Members have either opted out or filed objections.

2. This Final Order and Judgment Approving Class Action Settlement incorporates by reference the definitions contained in the Settlement Agreement, including the definitions of the Class. All capitalized terms in this Final Order Approving Judgment and Class Action Settlement will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Final Order and Judgment Approving Class Action Settlement.

---

[1] Two additional Class Members who did not file objections – Mr. Roppolo and the inmate who filed a motion to intervene at Doc. 109 – also appeared and were permitted to make objections on the record.

3. This matter satisfies the prerequisites for certification of a class action under Federal Rule of Civil Procedure 23(a) and 23(b)(2). The 7,500+ members of the Class are so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Class (including, *e.g.*, whether federal law requires direct acting antiviral treatments for state prisoners with chronic Hepatitis C), the claims of the named Plaintiffs are typical of the Class (which is composed of Texas Department of Criminal Justice prisoners chronically infected with Hepatitis C), and Plaintiffs Allen, Cook, and Valdez (and their Counsel) will fairly and adequately protect the interests of the Class.[2]

4. The Court finds that the Class, as defined in this Court's orders granting class certification dated March 8, 2021 and March 25, 2021, satisfies Federal Rule of Civil Procedure 23(b)(2) in that Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

5. The Settlement Agreement requires the Defendants to provide Direct Acting Antiviral medication (DAA) treatment to Settlement Class Members with chronic Hepatitis C by dates certain, according to a schedule based upon AST to Platelet Ratio Index (APRI) and Metavir scores as follows.

---

[2] The Court finds that Plaintiff Matthew Roppolo is no longer an adequate class representative as he has taken actions inconsistent with the best interests of the class, and hereby decertifies him as a class representative. *See* Doc. 230.

**Treatment Schedule for Class Members**

| APRI | Metavir | Treatment Schedule |
|---|---|---|
| 2.0 and above | F-4 | Treatment shall begin no later than December 31, 2020. |
| 1.0 – 1.999 | F-3 | Treatment shall begin no later than January 1, 2022. |
| 0.5-0.999 | F-2 | Treatment shall begin no later than October 1, 2023. |
| Below 0.5 | F0 – F1 | Treatment for patients is expected to begin after October 2023, and to be completed by January 2028. |

6. Defendants commit to providing DAA medication to at least 1,200 inmates per year in total, including Settlement Class Members or Eligible Inmates. The only reasons the above deadlines will be extended are if additional patients with higher APRI scores enter TDCJ custody (and require prioritized treatment), if Class Members are released from custody, if Class Members fail to participate in examinations that are necessary predicates for DAA treatment, if Class Members refuse DAA treatment, or if DAA treatment is medically contraindicated for an individual Class Member (as determined by the Class Member's treating physicians).

7. The Settlement Agreement also includes reporting requirements to Class Counsel. Defendants shall provide Class Counsel with quarterly reports (in Excel format) identifying each class member, their current APRI score, and their next scheduled HCV appointment (among other information specified in the Settlement Agreement or otherwise agreed upon by the Parties). Defendants shall also post notification of Settlement Class Members' rights under the Settlement Agreement in the medical clinic and law library of each TDCJ prison.

8. Class members may voluntarily opt-out of the Class at any time. Class members desiring to opt-out shall submit the agreed "Class Action Notice and Opt Out Form," to Hepatitis C Settlement, c/o Edwards Law Group, PO Box 50061, Austin, TX 78763.

9. The Settlement Agreement will remain in force until the last Class Member receives DAA treatment or otherwise fails to qualify for treatment under the Settlement Agreement. For the remaining life of the Settlement Agreement, Class Counsel shall perform Class Administration duties contemplated by the Settlement Agreement, including review and tracking of opt-out requests, review of correspondence from Class Members, review of the reports provided by Defendants under the Settlement Agreement, and any other duties contemplated by the Settlement Agreement.

10. If necessary, the Parties shall engage in the dispute resolution process specified in the Settlement Agreement. If the Parties are unable to reach a resolution, the Parties may bring the issue before this Court. The Court shall retain continuing jurisdiction to dispose of any claimed violations of the Settlement Agreement until the Settlement Agreement terminates by its own terms.

11. The Court finds that the Settlement Agreement is fair, reasonable, and adequate, satisfying the requirements of Rule 23(e). The Settlement Agreement provides a substantial benefit to the Class Members, provides the Class Members the relief sought in the Amended Complaint (treatment with DAA medication, with a reasonable and fair provision that the sickest be treated first), and represents not only a fair and reasonable outcome, but an excellent outcome for the Class

Members, particularly in light of the relief sought and the time, expense, and risk that would have been entailed in fully litigating the case to conclusion, and which would also likely have delayed treatment for Class Members as compared to the timeline in the Settlement Agreement. The Settlement Agreement was the product of arms-length negotiations after meaningful discovery, and there is no evidence of fraud or collusion.

12. Notice to the Class was provided to the Class members by TDCJ staff hand delivering the vast majority of Class members a copy of the Class Action Notice and Opt Out Form, and by posting the Class Action Notice and Opt Out Form in the law library, and medical clinic of every TDCJ prison. For a small number of Class Members (19 Class Members, or less than one percent of the class) who did not receive a notice personally delivered by TDCJ staff, service of the notice was attempted by First Class U.S. Mail at the best available addresses. The Class Action Notice and Opt Out Form were approved by the Court. This constitutes the best notice practicable under the circumstances, and satisfies the requirements of due process. The notice apprised Class members of the pendency of this litigation; of the elements of the Settlement Agreement benefitting the Class members; that counsel for the Plaintiffs will be paid attorneys' fees and expenses by Defendants (in the amount of $950,000) in connection with the Settlement Agreement; that the motion for approval of the Settlement includes a request for approval of such payment of fees and expenses; of Class members' opportunity to object and opt out of the Class; of the identity of Class Counsel and of information necessary to contact Class

        Counsel; and of the date of the Fairness Hearing and deadline to file an objection. Full opportunity has been afforded to members of the Class to participate in the Fairness Hearing, including the opportunity for objectors to appear by telephone. Seventy-six objectors, including objectors whose objections were not timely filed, appeared at the fairness hearing by telephone and were allowed to speak to make their objections on the record. The Court heard and considered all objections, whether made in writing or made orally at the hearing. After considering each objection, Plaintiffs' response (Doc. 232), and the arguments of the parties, the Court explicitly overrules all objections and finds that the settlement is reasonable, adequate, and fair. Accordingly, the Court determines that all members of the Class who do not opt out are bound by this Final Order and Judgment Approving Class Action Settlement.

13. The Court has subject matter jurisdiction over the claims of the Plaintiffs and of all Settlement Class Members.

14. It is in the best interests of the parties and the Class and consistent with principles of judicial economy that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any Released Party, which in any way relates to the applicability or scope of the Settlement Agreement or this Final Order and Judgment Approving Class Action Settlement, should be presented exclusively to this Court for resolution.

15. The Parties agree that Plaintiffs' counsel are entitled to recover attorneys' fees and expenses pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 12205.

16. The Court finds that the total amount of attorneys' fees and expenses ($950,000.00) was the product of arms-length negotiation which occurred only after all other terms of the Settlement Agreement were agreed upon.

17. The Court finds Plaintiffs are entitled to a recovery of litigation expenses, which are included in the total amount referenced in paragraph 16. Having reviewed the Plaintiffs' expenses (Doc. 227-3, pp. 70—76), the Court finds that $42,605.16 is a fair and reasonable amount for the expenses incurred in this case.

18. The Court has used the lodestar method to cross-check the agreed amount of attorneys' fees. The Court has reviewed the extensive documentation of the attorneys' hours (Docs. 132-9, 132-10, 227-3), which were recorded contemporaneously with the work performed to determine the number of hours necessary for calculation of the lodestar amount. The Court finds the number of hours spent laboring on this matter, 2,067.0, is reasonable and fair.

19. The Court finds that the entire award of fees and expenses, $950,000.00, is fair and reasonable.

It is therefore ORDERED, ADJUDGED and DECREED that:

1. Plaintiffs' Motion for Final Approval and Judgment Approving Class Action Settlement is GRANTED.

2. The Class is certified as all those inmates listed by name in Doc. 143 (filed under seal), pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(2).

3. The Settlement Agreement submitted by the parties is finally approved as fair, reasonable, and adequate. The Settlement Agreement is in the best interests of the

Class, and the parties are directed to consummate and to implement the Settlement Agreement in accordance with its terms. The provision of equitable relief shall take place in accordance with the Settlement Agreement.

4. The law firm of Edwards Law Group is appointed Class Counsel for the Class, and shall act on behalf of the Class Representatives and all Settlement Class Members.

5. Plaintiffs Da-Na Allen, Victor Valdez, and Johnny Cook are certified as Class Representatives.

6. Class Counsel has applied for an award of attorneys' fees and expenses to be paid pursuant to the terms of the Settlement Agreement and 42 U.S.C. § 12205 and 42 U.S.C. § 1988. This Court awards Plaintiffs' Counsel attorneys' fees and expenses of Nine Hundred and Fifty Thousand Dollars ($950,000.00), as negotiated and agreed by the Parties. Said fees and expenses are determined by the Court to be fair, reasonable, and appropriate for the work expended to date and contemplated in the future.

   a. Pursuant to the terms of the Settlement Agreement between the Parties, the Court finds the Plaintiffs, solely for purposes of an award of attorneys' fees and expenses pursuant to 42 U.S.C. § 1988, and 42 U.S.C. § 12205, are prevailing parties. Defendants waive all rights of appeal related to the payment of attorneys' fees.

   b. The Court has reviewed the lodestar calculations provided by the Plaintiffs' counsel, and finds the lodestar amount represents a fair and reasonable fee for past attorneys' fees.

    c. The Court reviewed attorneys' time and expenses statements, affidavits from Plaintiffs' counsel, Class Counsel's hourly billing rates, and a breakdown of hours and rates claimed by each attorney and their respective lodestar amounts.

    d. The Court considered application of the factors identified in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974) and considered each factor in evaluating the amount of the attorneys' fee award.

    e. The Court finds these fees and expenses were directly and reasonably incurred in a good faith effort to prove an alleged violation of Plaintiffs' federal rights, the amount of the fees and expenses are proportionately related to the relief required for the alleged violation, and the fee was directly and reasonably incurred in obtaining relief addressing the alleged violation. The Court expressly finds the award of attorneys' fees and expenses is appropriate, solely for the purposes of approving the Settlement Agreement in this case, pursuant to 42 U.S.C. § 1997e(d), 42 U.S.C. § 1988, and 42 U.S.C. § 12205.

7. This order expressly only resolves Settlement Class Members' claims for injunctive, declaratory, or other equitable relief. Settlement Class Members may bring separate, individual claims for damages notwithstanding anything in the Settlement Agreement or this order.

8. Without affecting the finality of this Final Order and Judgment Approving Class Action Settlement, the Court retains exclusive jurisdiction to resolve any disputes relating to or arising out of the administration, enforcement, implementation,

consummation, or interpretation of the Settlement Agreement. In addition, without affecting the finality of this judgment, the parties, including each Settlement Class Member as defined in this Order, are hereby deemed to have submitted to the exclusive jurisdiction of this Court for any dispute arising out of or relating to this Order or the Settlement Agreement, so long as the Parties have engaged in the dispute resolution process specified in the Settlement Agreement before bringing the dispute before this Court (though individual Class Members are not required to engage in the dispute resolution process if they proceed without the assistance of Class Counsel).

9. The Court finds that, absent the relief provided in this Settlement Agreement, the conditions alleged in Plaintiffs' motion for class certification briefing (Doc. 19, 71, 73, 89) and unopposed motion for approval of class settlement (Doc. 138) will continue to exist in perpetuity. The Court finds, solely for purposes of approving the Settlement Agreement and maintaining its continuing jurisdiction only, that the relief agreed to in the Settlement Agreement is necessary to remedy the alleged violations of the Class members' federal rights, and the relief extends no further than necessary to correct the alleged violation of the Class's federal rights. The relief will not cause any adverse impact on public safety or the operation of the criminal justice system. Therefore, the Court shall maintain continuing jurisdiction pursuant to 18 U.S.C. § 3626(a) until termination of the Settlement Agreement, and as otherwise necessary to resolve any alleged violations of the Settlement Agreement and administer the Settlement Agreement. The Court expressly finds

that the Settlement Agreement complies with all requirements of 18 U.S.C. § 3626(a) and 42 U.S.C. § 1997e(d).

10. To the extent any portion of this Order conflicts with the Settlement Agreement, the Settlement Agreement controls.

11. The Parties give up any right to appeal this Final Order and Judgment Approving Class Action Settlement, except to the extent this order is inconsistent with the terms of the Settlement Agreement.

It is so ORDERED.

Date: ___July 2_____, 2021.

                                                  _____
                                                NELVA GONZALES RAMOS
                                                UNITED STATES DISTRICT JUDGE