UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **MATTHEW ROPPOLO,** *et. al.*, | § § | |
| **Plaintiffs,** | § § | |
| | § | **CIVIL ACTION NO.** |
| v. | § § | |
| | § | |
| **LANNETTE LINTHICUM,** *et. al.,* | § | **2:19-CV-00262** |
| | § § | |
| **Defendants.** | § | |

## STATUS REPORT REGARDING HENRY TURNINE

Plaintiffs respectfully file this status report pursuant to the Court's December 6, 2022 order. *See* Doc. 747, at 2. Class counsel spoke to Mr. Henry Turnine. Class counsel is not aware of any of Mr. Turnine's allegations that bear a substantial relationship to the settlement or any allegations that Mr. Turnine or any other inmate was charged for medical visits relating to Hepatitis C treatment. In addition, Mr. Turnine has since been released from custody so he is no longer a class member or eligible inmate. *See* Doc. 132-2, pp. 7–9.

Class counsel has not developed reason to believe there are improper charges for inmates' medical visits or treatment related to the settlement. The settlement agreement is silent on whether class members are required to pay any copay for visits or other medical care relating to Hepatitis C treatment. Although Texas law permits medical copays to be drawn from inmates' commissary accounts, *see* TEX. GOV'T CODE § 501.014(f)(8), these copays of $13.55 are only required to be drawn for any *inmate-initiated* medical visit, up to a maximum of $100 per year. TEX. GOV'T CODE § 501.063. Thus, class counsel's understanding, which opposing counsel has confirmed, is that under the law and agency policy, inmates should not pay anything for Hepatitis C monitoring or treatment, because all of those services are part of chronic care that is "initiated" by the provider.

1

In counsel's experience from outside this litigation, there are occasional disputes between inmates and medical administrative staff in policing this distinction between chronic and inmate "initiated" care, but no allegations of this type have been uncovered relating to the settlement in this case. Counsel will continue to monitor correspondence and raise this issue in conversations with class members to ensure that Hepatitis C treatment is not affected by this area of perennial contention, as it is true that even modest copays can severely deter medical care for inmates who have no income.[1] In class counsel's view, such copays could theoretically affect an inmate's rights and violate the settlement—such as if there was a violation of agency policy or Texas law in imposing the copay and it deterred an inmate from receiving monitoring or treatment—but there is not currently evidence that this has happened.

Dated: January 3, 2023.

                                                                             Respectfully submitted,

By: /s/ Jeff Edwards .
JEFF EDWARDS
State Bar No. 24014406
DAVID JAMES
State Bar No. 24092572
**EDWARDS LAW**
603 W 17th St.
Austin, TX 78701
Tel.  512-623-7727
Fax.  512-623-7729
jeff@edwards-law.com
david@edwards-law.com

**ATTORNEYS FOR PLAINTIFFS**

---

[1] *See, e.g.*, https://www.texascjc.org/system/files?file=publications/HB%20812%20Fact%20Sheet%20%28Medical%20Co-Pay%29.pdf.

2

CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Southern District of Texas.

By    /s/ Jeff Edwards
JEFF EDWARDS